

**U.S. Department of Justice**
United States Attorney
Eastern District of Louisiana

*The Poydras Center*  *Telephone: 504-680-3000*
*650 Poydras Street, Suite 1600*  *Fax: 504-589-4014*
*New Orleans, Louisiana 70130*

April 20, 2016

Honorable Kurt D. Engelhardt
United States District Judge
Eastern District of Louisiana
500 Poydras Street, Room C351
New Orleans, LA. 70130

```
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  APR 2 0 2016  KC
WILLIAM W. BLEVINS
CLERK
```

      Re:    United States v. Robert Faulcon
               Criminal Docket No. 10-204 "N"

Dear Judge Engelhardt:

      In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Robert Faulcon, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Lindsay A. Larson, III, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

      The defendant agrees to admit his guilt by entering a plea of guilty to the following Counts of the Indictment: Count 8: charging deprivation of rights under color of law in violation of Title 18, United States Code, Section 242 and 2; Count 11: charging conspiracy to obstruct justice in violation of Title 18, United States Code, Section 371; and Count 22: charging obstruction of justice by engaging in misleading conduct in violation of Title 18, United States Code, Section 1512(b)(3). The Government agrees to move the Court to dismiss the remaining counts of the Indictment at sentencing. The Government further agrees that it will not bring any other charges in the Eastern District of Louisiana arising from, or related to, the facts set forth in the Indictment.

      In pleading guilty to each of these offenses the defendant admits that he did the following:

      **Count 8:** On September 4, 2005, when the defendant shot at civilians on the Danziger Bridge, (1) the defendant acted under color of law; (2) the defendant deprived the victim of a right secured by the Constitution, that is, the right to be free from unreasonable force by a police officer; (3) the defendant acted willfully, that is, in reckless disregard of a known constitutional

right; and (4) the offense, in which other defendants aided and abetted, resulted in bodily injury to, and the death of, Ronald Madison, and also involved the use of a dangerous weapon;

**Count 11**: Following the shooting on the Danziger Bridge, the defendant conspired with other officers to obstruct justice by providing false information about the shooting. Specifically, (1) the defendant agreed with at least one other person to obstruct justice by engaging in misleading conduct in violation of Title 18, United States Code, Section 1512(b)(3); (2) the defendant knew the unlawful purpose of the agreement and joined it willfully, that is with the intent to further the unlawful purpose; and (3) one of the conspirators during the existence of the conspiracy committed at least one of the overt acts described in the indictment in an effort to accomplish some object or purpose of the conspiracy; and

**Count 22**: In or about June 2006, the defendant provided a verbal statement about the shooting during which: (1) the defendant knowingly engaged in misleading conduct towards another person; (2) the defendant acted with intent to hinder, delay, or prevent the communication of information about the shooting; (3) it was reasonably likely that, if the misleading conduct had not occurred, at least one relevant communication would have been made to a federal law enforcement officer; and (4) the information related to the commission or possible commission of a federal offense, specifically, civil rights violations relating to the shootings on the bridge.

The defendant and the Government agree that the trial transcript from the prior trial of this matter (Rec. Docs. 659-683 and 691) is expressly made part of the record in connection with this guilty plea and the parties stipulate that the trial transcript, as qualified by the Order and Reasons of October 20, 2011, Rec.Doc. 593, provides a factual basis for the guilty plea. No party will offer any statement that is inconsistent with this stipulation.

The defendant further understands that the maximum penalty that he may receive should his plea of guilty be accepted is: (1) As to Count 8, a term of imprisonment up to life pursuant to Title 18, United States Code, Section 242; (2) As to Count 11, at term of imprisonment up to five years pursuant to Title 18, United States Code, Section 371; and (3) As to Count 22, a term of imprisonment up to twenty years pursuant to Title 18, United States Code, Section 1512(b)(3). The defendant further understands that he faces a maximum fine of up to the greater amount of $250,000 or twice the gross gain or twice the gross loss to any person as to each count.

However, the Government and the defendant agree, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to a specific sentence of 12 years imprisonment for the three counts to which the defendant will plead guilty, as an appropriate disposition of this case. The defendant understands that the Court may accept or reject the Rule 11(c)(1)(C) agreement. The parties further agree that should the Court refuse to accept this agreement, the defendant and the Government each has the option of declaring this plea agreement null and void.

Additionally, the parties agree to the following terms:

- The government agrees not to oppose any recommendation by the defense or by the Court that the defendant, if he is determined by BOP to be eligible, should serve out his sentence in a minimum security facility and that BOP should grant a public safety factor waiver. The parties understand that BOP is unable to guarantee any particular placement,

but that BOP has opined unofficially that if the defendant is sentenced in accordance with this plea agreement, his new security scoring would qualify him for placement at a "minimum security" facility with a public safety waiver.

- The government agrees to inform BOP that the government is not aware of any need for a separation order between the defendant and his co- defendants.

- The government has obtained a letter from the Orleans Parish District Attorney, attached hereto, agreeing that his office will not pursue state charges against the defendant relating to the events on the Danziger Bridge on September 4, 2005

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, may apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

The defendant understands that a mandatory special assessment fee of $100.00 per offense shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being voided.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to five years as to Count 8, up to three years as to Count 11, and up to five years as to Count 22 pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a.  Waives and gives up any right to appeal or contest his guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b.  Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c.  Waives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

d.  The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands that in the event the Court refuses to accept the Rule 11(c)(1) agreement and the defendant does not withdraw his plea, the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon the entry of this guilty plea before the Court. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws his decision to plead guilty, his guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings. This provision will not apply in the event the defendant withdraws his plea based upon the Court's refusal to accept the Rule 11(c)(1)(C) provisions of this agreement.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his inclusion in the Treasury Offset Program.

The defendant and the Government request that, because a pre-sentence investigation report was previously prepared in this matter, the Court accept this Rule 11(c)(1)(C) plea agreement at the time it is entered at the rearraignment.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

_____
THEODORE R. CARTER, III
Assistant United States Attorney

_____   _____
LINDSAY LARSON                                               Date
Attorney for the Defendant

_____   4/20/2016
ROBERT FAULCON                                            Date
Defendant



**U.S. Department of Justice**

United States Attorney

Eastern District of Louisiana

---

*Kenneth Allen Polite, Jr.*
*United States Attorney*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3000*
*Fax: 504-589-4014*

April 4, 2016

Honorable Leon A. Cannizzaro, Jr.
District Attorney for the Parish of Orleans
619 South White Street
New Orleans, LA. 70119

      Re:    *United States v. Robert Faulcon*
              <u>Federal Case No. 10-204 "N"</u>

Dear Leon:

      I am writing to confirm that your office has agreed not to prosecute former New Orleans Police Officer Robert Faulcon, who has expressed his intent to plead guilty to three federal charges in connection with the Danziger bridge matter. It is my understanding you have agreed that if Mr. Faulcon follows through with his guilty plea to these three federal charges (deprivation of rights under color of law, conspiracy to obstruct justice, and obstruction of justice by engaging in misleading conduct), you will not pursue additional state charges against him related to his role in the Danziger bridge shooting or subsequent investigation.

      If this letter accurately reflects your agreement, please indicate so by signing below and returning this document to me at your earliest convenience. As always, Leon, thank you again for your cooperation and assistance in this matter.

                                                   Very truly yours,

                                                   KENNETH ALLEN POLITE, JR.
                                                   UNITED STATES ATTORNEY

Leon A. Cannizzaro, Jr.
District Attorney, Parish of Orleans