UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT LEE FAULCON, )
    Petitioner, )
)
v. )
) Case No. 10-204 "N"(1)
) Hon. Judge Kurt D. Engelhart
UNITED STATES OF AMERICA, )
    Respondent, )

MOTION TO AWARD GOOD TIME,
ADJUST RELEASE DATE AND TO
EXTEND HOME CONFINEMENT AND
HALFWAY HOUSE
Pursuant to First Step Act
(S.756), 3582(c)(2) and 18 U.S.C. 3624(c)(2)

Comes Now, Robert Lee Faulcon, here in after known as petitioner, in Pro-Se motion, respectfully moves this Honorable Court to Order the Director of the Bureau of Prisons (BOP) to recalculate his sentence and release him to Home Confinement and Halfway House based on retroactively by the First Step Act.

## BACKGROUND

Recently, the President signed into Law the First Step Act (S.756) which retroactively awards inmates 7 days each year of their sentence in which they did not lose any good time for behavior infractions while incarcerated.

Petitioner was sentenced in the United States District Court for a violation under 18 U.S.C. 924(c); 18:2, 18:371, 18:1512(B)(3) and then sentenced to a term of 144 months. Petitioner has been incarcerated since July 27 of the year 2010 and has Home Confinement eligibility date is June 20, 2020. Petitioners release date is December 25 of the year 2020.

TENDERED FOR FILING

MAY 30 2019

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Fee _____
Process _____
X  Dktd _____
___ CtRmDep _____
___ Doc. No. _____

-1-

## ARGUMENT AND AUTHORITIES

Prior to the First Step Act, inmates were earning 47 actual good time days while it was suppose to be 54 days equalling 85% of their sentence that was imposed. The First Step Act allows inmates to retroactively receive those 7 days of good time to equal a full 54 days per year, satisfying the 85% calculation date. Also under the First Step Act the BOP is to extend Home Confinement to Low Risk inmates that is equal to 10% of their sentence or 6 months whichever is less, along with Halfway House for a period of that equal to Home Confinement to run consecutively. The Act was passed into Law by the President on December 21, 2018 and it stated that the 7 days per year would be applied retroactively. Specific Section 102(6)(2) of the Law states "Effective Date-The amendments made by this subsection shall take effect beginning on the date that the Attorney General completes and releases the Risk and Need Assesments System under subchapter D of Chapter 229 of Title 18 U.S.C., as added by Section 101(a) of this Act." Under Section 602 of this Law states "Section 3624(c)(2) of Title 18 U.S.C. is amended by adding at the end the following: "The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on Home Confinement for the maximum amount of time permitted."" Section 603 of this Law states, "Time permitted is equal to 10% of prisioners sentence or 6 months whichever is less and to extend Halfway House equal to that of Home Confinement to run consecutively." Eligibility for Home Confinement/Halfway House is based on the BOP's calculation and in accordance with the 7 day per year good time earned adjustment.

The BOP has discrection pursuant to 3621(e) and 3582(c)(1)(A) to release inmates. Petitioner has served his sentence and has not been a major problem in the BOP and requests that he be released in accordance with, good time calculation adjustment of an additional 7 days per year and be placed on 6 months Halfway House and 6 months Home Confinement to be ran consecutively based on him being classified as a low risk inmate, who has family ties at home and within the community, an approved residence conducted by the Federal Probation Office and an awaiting employment upon release. Petitioners total confinement is due on December 25, 2020 based on current good time calculations of 47 good days currently extended. Petitioners current Home Confinement date is June 20, 2020, again based on current good time calculations of 47 good days extended.

With the appropriate 54 good days alloted per the First Step Act petitioners adjusted release date is October 2, 2020. His adjusted Home Confinement date will be recalculated to April 2, 2020. Therefore, petitioners Halfway House date would be reclaculated to October 2, 2019, for under the First Step Act Halfway House and Home Confinement can equal to each other as in length of time and ran consecutive of one another. If this Honorable Court does not grant Petitioner this motion then the Petitioners projected release date will expire to the Act that was passed due to the "Timeframes" that the Act has provided both the Attorney General and the BOP to conduct "reports" and/or "calculations" to make the appropriate "Risk and Needs" for every Federal Inmate in custody (approxemently over 180,000 inmates to date).

## 3553(a) FACTORS

Petitioner has been involved in numerous self help programs, educational, vocational and also anger management classes. Petitoner has been incarcerated since the year 2010 and has learned to deal with others and make better choices in life. Petitioner does not minimize that he participated in the crime that he was charged with but humbly asks that this Honorable Court exercise its discrection and be leinient in his case. He has made numerious efforts to take advantage of every program the BOP has to offer to rehabilitate himself and become a better person for himself and the community. Petitioner has served a majority of his sentence and is asking for nothing that is not due him according to the First Step Act passed and made retroactive on December 21, 2018.

## CONCLUSION

Petitioner humbly asks that this Honorable Court orders the BOP to adjust his sentence reflecting the due 7 good days per year and to offer him 6 months Halfway House and 6 months Home Confinement to be ran consecutively starting on the adjusted date after the BOP adjusts his 7 good days per year due him based on his 144 month setence that began July 27, 2010. To keep him incarcerated a day past his adjusted good time dates would be a miscarriage of justice and illegal confinement due to the First Step Act that was made retroactive December 21, 2018.

IT IS PRAYED                                           Respectfully Submitted,

5/31/19
DATE

*Robert Lee Faulcon*
Robert Lee Faulcon
Reg No. 74122-279
Federal Correctional Institution
1900 Simler Avenue
Big Spring, Texas 79720

-4-

CERTIFICATE OF SERVICE

I, Robert Lee Faulcon, hereby certify that this is a true copy of the foregoing motion for this Honorable Court, for reduction of time per (FSA) that was made retroacive on December 21, 2018. This motion is deemed filed at the time delievered to prison authorities, (Houston v. Lack, 487 U.S. 266 1988) upon respondent of record, by placing in a sealed first class pre-paid envelope addressed to District Court of Eastern District of Louisiana, 500 Poydras Street, Room C351, New Orleans, Louisiana 70130. This motion was deposited into the mail system located at FCI Big Spring located at 1900 Simler Avenue, Big Spring, Texas 79720, on this MAY day of 21ST the year 2019. (Title 18 U.S.C. 1746).

Respectfully Submitted,

*Robert Lee Faulcon*

Robert Lee Faulcon
Reg No. 74122-279
Federal Correctional Institution
1900 Simler Avenue
Big Spring, Texas 79720

-5-

Robert Faulcon
#14122-279
Federal Correctional Institution
1900 Simler Ave
Big Springs, Texas 79720

Eastern District of Louisiana
Clerk of Courts
500 Poydras Street
Room C351
New Orleans, LA 70130



